**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 16, 2023**

# In the Court of Appeals of Georgia

A23A1186. JENSEN v. THE STATE.

MERCIER, Chief Judge.

Cody Jensen appeals the dismissal of his pro se motion to modify/reduce the sentence for his convictions of two counts of child molestation, two counts of sodomy, and one count of statutory rape.[1] The trial court dismissed the motion, stating that Jensen was "currently represented by Patrick Chisholm of the South Georgia Judicial Circuit Office of the Public Defender. In accordance with [a] holding from the Supreme Court of Georgia, 'a layperson does not have the right to represent himself and also be represented by an attorney.'" However, while Jensen's appeal was pending, the Supreme Court of Georgia issued *Johnson v. State*, 315 Ga. 876 (885

---

[1] Jensen was indicted for aggravated child molestation, but pled guilty to the lesser included offense of child molestation.

SE2d 725) (2023), overruling its prior decisions that held that a pro se filing by a counseled defendant is always a legal nullity.[2] See id. at 877. Pursuant, to *Johnson*, trial courts retain discretion to allow a counseled defendant to also represent him or herself in a "hybrid representation." Id. at 876. Accordingly, trial courts now retain "discretion to recognize a timely and otherwise procedurally proper pro se filing made by a defendant who is still formally represented by counsel." Id at 890 (4) (footnote omitted).

In this case, the trial court's order applies the absolute rule rejected by *Johnson*. As such, we must vacate the order and remand this case for the trial court to exercise its discretion to determine whether to recognize and rule on Jensen's post-conviction motion. See *Johnson*, 315 Ga. at 892 (5).

*Judgment vacated and case remanded with direction. Miller, P. J., and Hodges, J., concur.*

---

[2] As this appeal had not yet been adjudicated when *Johnson* was issued, *Johnson's* new rule of criminal procedure applies to Jensen's appeal. See *Johnson*, 315 Ga. at 891 (4) ("[O]ur holding here applies to future cases and those pending cases whose direct appeals have not yet been adjudicated.").